JOHN FLANNAGAN V. MARSHALL EDWARDS.

FILED MARCH 1, 1893.   No. 4729.

Review: EVIDENCE in the record *held* sufficient to sustain the verdict and judgment of the district court.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*David Van Etten*, for plaintiff in error.

*George A. Magney, contra.*

POST, J.

This is a petition in error from Douglas county. The cause of action stated in the petition below is for work and labor performed by the plaintiff for the defendant therein, at the agreed rate of $50 per month from the 18th day of May, 1888, until the 20th day of January, following, and for five days' work at the agreed rate of $100 per month. For answer the defendant below alleges that he employed the plaintiff at the rate of $50 per month as overseer for

his brick yard at Beaver Crossing, Seward county, but that said amount was to be paid out of the proceeds of the brick burned, and not otherwise; that the plaintiff managed the business of burning brick in said yard in so unskillful a manner that no brick were burned therein. He denies all the other allegations of the petition. The defendant below also filed a counter-claim, in which he claims judgment for the sum of $911.75, on account of boarding and lodging, and money advanced, twenty-three cords of wood converted by the plaintiff below, the use of his team and wagon by the latter, and a milch cow, alleged to have been converted by him. The reply was a general denial. Trial and judgment for the plaintiff below for $53.65. A motion for a new trial having been overruled, the case was removed to this court on the petition in error of the defendant below. The only question presented by the petition in error is one of fact. We have read over the evidence in the record, and our conclusion is that the case is clearly within the rule so often announced, that a judgment will not be reversed for want of evidence, unless the burden of proof is plainly and unmistakably opposed to it. Here it is possible a verdict for the plaintiff in error might have been sustained by an application of the same rule, but the controlling question was, which set of witnesses should be credited by the jury, and with their judgment we have no right to interfere. The issues indicate the evidence of the parties respectively, and to set it out at length or to include a summary thereof in this opinion would serve no useful purpose. The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.